UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HOSSAIN FAIAJ, Individually and on
behalf of a class,

                                              Case No.   16-cv-1082

                        Plaintiff,

           - against -

STELLAR RECOVERY, INC.,

                        Defendant.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Stellar Recovery, Inc. ("Defendant"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§ 1692e and 1692g.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff is an individual resident of the State of New York, residing in the County of Queens. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant is a Florida Foreign Business Corporation with a principal place of business located at 4500 Salisbury Road, Jacksonville, Florida. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about February 9, 2016, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A is, on information and belief, a form letter.

9. Exhibit A failed to clearly identify the name of the creditor to whom the debt is owed.

10. Exhibit A failed to state by name and label any "creditor," "current creditor," or "creditor to whom the debt is owed." It simply stated, "Original Creditor: DISH NETWORK"

without stating who the creditor is now. It further stated, "Original Account:" without stating what the new or "current" account is.

11. The use of the term "Original Creditor" and "Original Account" implies that there is a new or "current" creditor and account.

12. The language contained on the front of Exhibit A is false, deceptive, and misleading in that Plaintiff does not know the name of the creditor to whom the debt is owed.

13. This language "overshadows" and/or "contradicts" the Validation Notice provided by Defendant in that it overshadows and contradicts Plaintiff's absolute right to dispute the debt, absolute right to seek validation of the debt, and absolute right to request the name of the original creditor.

14. Exhibit A further provides settlement options and states "Settlement: Remit $164.53 upon receipt of this offer." The consumer is then instructed to send the payment with the "attached coupon." However, the coupon (which is at the bottom of Exhibit A) shows an outstanding balance of $658.12. There is no reference to any lesser settlement amount. There is no separate coupon indicating that a payment of $164.53 would be regarded as a settlement in full.

15. A consumer remitting $164.53 would attach his or her check to a payment coupon which states that he or she owes $658.12. They would not be certain if the $164.53 would actually be a full settlement of the account or whether they would still owe the balance.

16. Defendant's actions as described herein violate 15 U.S.C. §§1692e, 1692g, 1692g(a), and 1692g(b).

17. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of 15 U.S.C. § 1692g)

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as though set forth at length herein.

19. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

20. Section 1692g(a) states that:

**(a) Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;
**(2)** the name of the creditor to whom the debt is owed;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. When determining whether "the name of the creditor to whom the debt is owed" has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

22. As indicated above, Exhibit A is confusing, contradictory and unclear. Even a

4

sophisticated consumer would have a difficult time deciphering to whom the debt is owed to in light of the reference to "Original Creditor" and "Original Account" without further clarification of who the current creditor is.

23. Defendant failed to clearly and explicitly state the name of the creditor to whom the debt is owed.

24. The least sophisticated consumer would likely be confused and uncertain as to the name of the creditor to whom the debt is owed.

25. Defendant has violated 15 U.S.C. § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."  As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

<u>**SECOND CAUSE OF ACTION**</u>
(Violations of 15 U.S.C. § 1692e)

26. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as though set forth at length herein.

27. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt;

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. While Section 1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

29. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

30. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

31. For purposes of Section 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

32. The use of "Original Creditor" and "Original Account" without specifying who the current creditor is or what the current account number is, falsely represents the character of the debt.

33. The use of Original Creditor" and "Original Account" without specifying who the current creditor is or what the current account number is, is indicative of the use of false representation and deceptive means to collect or attempt to collect a debt.

34. Defendant has violated 15 U.S.C. § 1692e, 1692e(2), and 1692e(10) as it used false representations and deceptive means to attempt to collect a debt.  As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## THIRD CAUSE OF ACTION
(Violations of 15 U.S.C. § 1692e and1692g)

35. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 of this Complaint as though set forth at length herein.

36. Exhibit A fails to state that in the attached coupon that if Plaintiff were to pay $164.53, the balance of the amount owed would be waived.  To the contrary, the payment coupon

states that the outstanding balance is $685.12 and does not provide the option of a lesser payment.

37. Because of this failure, any consumer would be confused and uncertain as to the amount of the debt owed or whether the settlement offer is a valid offer.

38. Defendant's failure to include the settlement offer in the payment coupon is a false representation of the amount of the debt.

39. Defendant's failure to include the settlement offer in the payment coupon is a false representation or deceptive means to collect or attempt to collect any debt.

40. Exhibit A violates 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692g, 1692g(a)(1) by failing to state the amount of the debt which is due and owing, by implying that payment soon rather than later will be more economic, and by failing to disclose what "other charges" may apply.

## CLASS ALLEGATIONS

41. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

42. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

43. The class is so numerous that joinder is impracticable.

44. On information and belief, there are more than 50 natural persons whose credit reports contained false information about a debt following a discharge in bankruptcy on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

       a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g;

       b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

       c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       d. Whether Plaintiff and the Class are entitled to declaratory relief.

46. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   That Defendant correct the false information on the credit reports;

d)   Declaratory relief finding that defendant violates the FDCPA; and

e)   For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
       March 4, 2016

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By: _____

Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 504-7555
e-mail: ShakedLawGroup@gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)